UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

**WORDSHONA BOXLEY**                           **CASE NO. 5:19-CV-00568**

**VERSUS**                                                **JUDGE TERRY A. DOUGHTY**

**FAMILY DOLLAR STORES, INC., ET AL.**      **MAG. JUDGE KAREN L. HAYES**

### MEMORANDUM RULING

Pending before the Court is the Motion for Sanction and Motion to Reopen Case and Grant Settlement [Doc. No. 35] filed by Plaintiff Wordshona Boxley ("Boxley"). An Opposition [Doc. No. 37] was filed by Defendant Family Dollar Stores of Louisiana, Inc. ("Family Dollar") on January 19, 2021. A Reply [Doc. No. 38] was filed on January 26, 2021.

For the reasons set forth herein, Boxley's Motion for Sanction and Motion to Reopen Case and Grant Settlement [Doc. No. 35] is DENIED, but Family Dollar is ordered to initiate arbitration proceedings within thirty (30) days of this order.

On May 2, 2019, Boxley filed a Complaint [Doc. No. 1] against Rosie Dixie, Family Dollar and Moshell Turner, alleging pregnancy discrimination under the Americans With Disabilities Act. On March 18, 2020, Family Dollar filed a Motion to Stay Proceedings Pending Arbitration [Doc. No. 28].

On May 1, 2020, a Judgment [Doc. No. 32] was signed, granting Family Dollar's Motion to Stay Proceedings Pending Arbitration. Said Judgment additionally administratively closed this proceeding.

On December 28, 2020, Boxley filed the pending Motion for Sanction and Motion to Reopen Case and Grant Settlement [Doc. No. 35]. In the motion, Boxley maintains that after arbitration was ordered, she contacted Family Dollar's attorney about settling the case, and he has not gotten back with her with a settlement offer.

On January 19, 2021, Family dollar filed an Opposition [Doc. No. 37] to Plaintiff's motion. Family Dollar argues that Boxley contacted their attorney to discuss settlement.[1] Counsel stated he informed Boxley that if she wished to pursue her claims against Family Dollar, she is requested to initiate arbitration proceedings and informed her where to get a copy of the Arbitration Agreement. Counsel also stated he informed Boxley that he would relay their conversation to Family Dollar to see if there was any interest in discussing settlement. If so, counsel stated he would get back with Boxley.

After reviewing this matter this Court does not have the authority to grant a settlement where no settlement has occurred. Additionally, there are no grounds upon which sanctions should be imposed. For these reasons, Plaintiffs request for sanction and to grant settlement are DENIED.

Plaintiff also asked to reopen the case. The case was administratively closed due to a stay for arbitration. Family Dollar asked for this claim to be arbitrated, but is attempting to require Boxley, a "pro-se" Plaintiff, to initiate the arbitration. Although this Court is denying Plaintiff's request to reopen this proceeding, at this time, if Family Dollar wants the claim to be arbitrated, they shall initiate arbitration proceedings within 30 days of the date of this order.

Should Family Dollar fail to initiate the arbitration proceedings within 30 days, Boxley may file an additional request to reopen this proceeding.

MONROE, LOUISIANA, this 1st day of February, 2021.

_____
TERRY A. DOUGHTY
UNITED STATES DISTRICT JUDGE

---

[1] Boxley is proceeding "pro-se".